IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PETER JAMES DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-4085-KHV-ADM |
| | ) | |
| HOME DEPOT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Pro se plaintiff Peter James Dawson previously filed a Motion for Appointment of Counsel (ECF 10) that did not include information on his financial status. Because the court was unable to evaluate Mr. Dawson's ability to afford an attorney, the court denied the motion without prejudice and told Mr. Dawson that he could file a renewed motion that included a completed Affidavit of Financial Status. (ECF 11.) Mr. Dawson subsequently filed that Affidavit (ECF 12), but he did not file a renewed motion. Thus, it appears that Mr. Dawson intends for the court to consider his Affidavit with the Motion for Appointment of Counsel that he previously filed. The court therefore directs the clerk's office to reinstate Mr. Dawson's Motion for Appointment of Counsel (ECF 10) for ruling. The motion is denied because Mr. Dawson has not demonstrated that appointment of counsel is warranted at this procedural juncture.

I.   **BACKGROUND**

Mr. Dawson filed a complaint against his former employer Home Depot on December 17, 2020. (ECF 1.) Although the complaint is somewhat unclear, it appears that Mr. Dawson contends that he was discriminated against and harassed during his employment based on his race or color, national origin, and disability or perceived disability, all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). Mr. Dawson also

alleges that he was subjected to retaliation. Defendant Home Depot filed a motion to dismiss Mr. Dawson's complaint in its entirety for failure to state a claim on January 26, 2021. (ECF 7.) After Mr. Dawson filed his response (ECF 9), Mr. Dawson asked the court to appoint him counsel. (ECF 10.)

**II.   DISCUSSION**

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). Pursuant to Title VII and the ADA, however, the court may appoint an attorney for a plaintiff "in such circumstances as the court may deem just."[1] 42 U.S.C. § 2000e–5(f)(1); *see* 42 U.S.C. § 12117(a) (applying Title VII's § 2000e–5 to ADA cases). Title VII and the ADA do not confer a statutory right to counsel. *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize such a right in the Title VII context). The court is also mindful that § 2000e–5 does not provide a method for compensating an attorney who takes on the case. The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

In considering whether to appoint counsel pursuant to § 2000e–5, the court examines the following factors: (1) the plaintiff's "financial inability to pay for counsel"; (2) the plaintiff's

---

[1] A court may also appoint counsel for litigants proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(e)(1). Mr. Dawson did not seek leave to proceed in forma pauperis in this case.

"diligence in attempting to secure counsel"; (3) the merits of the plaintiff's claims; and (4) the plaintiff's ability to present the case without counsel.  *Id.* at 1421-22.  The court's discretion to appoint counsel under § 2000e-5 is "extremely broad."  *Id.* at 1420.

The first factor—whether Mr. Dawson has the financial ability to secure counsel—is neutral.  The primary inquiry here is whether a plaintiff has the "ability to hire counsel and still meet his or her daily expenses."  *Id.* at 1422.  Mr. Dawson's Affidavit states that he is not currently employed.  The information in his Affidavit and the attached documents regarding his financial circumstances suggests that he would be unable to meet daily expenses if he were to hire an attorney on a non-contingency fee basis.  But Title VII and the ADA contain fee-shifting provisions, *see Roe v. Cheyenne Mountain Conf. Resort, Inc.*, 124 F.3d 1221, 1232 (10th Cir. 1997), and attorneys in employment cases "often agree to represent a party for a fee contingent only upon the success of the claim."  *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV-GLR, 2012 WL 1154509, at *4 (D. Kan. Apr. 5, 2012).  If Mr. Dawson were to secure representation on a contingency-fee basis, he would likely still be able to meet daily expenses. The court thus finds this factor is neutral.  *Christmon v. B&B Airparts, Inc.*, No. 16-2341-CM-GLR, 2017 WL 1240490, at *1 n.11 (D. Kan. Jan. 6, 2017) (stating that "[t]his factor . . . is offset by the ability of plaintiffs to hire counsel on a contingent-fee basis in some cases").

The second factor weighs in favor of appointing counsel.  Before a court grants a request to appoint an attorney, a party must demonstrate a "reasonably diligent effort under the circumstances to obtain counsel."  *Castner*, 979 F.2d at 1422.  Typically, a plaintiff must meet with and discuss his case with at least five attorneys.  *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC-GLR, 2014 WL 6632929, at *2 (D. Kan. Nov. 21, 2014).  According to Mr. Dawson's motion, he contacted six attorneys.  (ECF 10, at 2-3.)  Three declined to take his case for reasons

3

that appear to be related to their respective workloads. One attorney never called back, one informed Mr. Dawson that the firm did not handle this type of case, and one declined to represent him due to "not enough evidence/information." (*Id.* at 2.) This shows that Mr. Dawson has made diligent efforts to secure counsel.

But the remainder of the factors weigh against appointing Mr. Dawson counsel. Before a court appoints counsel, a party must affirmatively show that he asserts meritorious claims. *See Castner*, 979 F.2d at 1421. In an employment case, an administrative finding in the plaintiff's favor is "highly probative" when determining merit. *Rand*, 2012 WL 1154509, at *4. Here, Mr. Dawson makes no specific argument as to the merits of his claims in his motion, so the court looks to his complaint. The attachments to Mr. Dawson's complaint do not show that he received an administrative finding in his favor, and the court cannot otherwise conclude from reviewing his complaint that his claims have sufficient merit to warrant appointment of counsel. Indeed, Mr. Dawson's complaint is currently subject to a pending motion to dismiss for failure to state a claim, and one attorney apparently declined to represent him, as noted above, because of "not enough evidence/information." (ECF 10, at 2.) This factor does not weigh in favor of appointing counsel.

The final factor—Mr. Dawson's ability to present his claims without counsel—also does not weigh in favor of appointing counsel. In analyzing this factor, a court "look[s] to the complexity of the legal issues and plaintiff's ability to gather and present crucial facts." *Castner*, 979 F.2d at 1422. The factual and legal issues in this case do not appear to be complex. And although Mr. Dawson states that he has a disability that makes it "hard for [him] to explain things" due to a speech impediment (ECF 10, at 3), Mr. Dawson has already demonstrated that he was

4

able to investigate and present his claims at the administrative stage. Mr. Dawson has not shown any reason why he cannot continue to investigate his claims and present them to the court.

After weighing these factors, the court concludes that Mr. Dawson has not shown that appointment of counsel is warranted under Title VII or the ADA at this time.

## III. CONCLUSION

The court declines to appoint counsel for Mr. Dawson pursuant to § 2000e–5 at this time. The court recognizes, however, that its analysis of the factors relevant to the appointment of counsel may change as the case progresses. "[A] court may well appoint counsel at the outset of a case, [but] it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case." *Jackson v. Park Place Condos. Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *3 (D. Kan. Feb. 6, 2014). Mr. Dawson may therefore renew his motion at a later procedural juncture—for example, if his claims survive the pending dispositive motion.

**IT IS THEREFORE ORDERED** that plaintiff Peter James Dawson's reinstated Motion for Appointment of Counsel (ECF 10) is denied without prejudice.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this order to Mr. Dawson via regular mail.

**IT IS SO ORDERED.**

Dated March 4, 2021, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
