IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **PETER JAMES DAWSON,** ) | |
| ) | |
| **Plaintiff,** ) | CIVIL ACTION |
| v. ) | |
| ) | No. 20-4085-KHV |
| **HOME DEPOT,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

**MEMORANDUM AND ORDER**

On December 17, 2020, Peter James Dawson filed a pro se complaint against Home Depot. Plaintiff alleges retaliation under Title VII, 20 U.S.C. §§ 2000e et seq., and violation of federal rights under the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. Complaint (Doc. #1). On January 26, 2021, defendant filed a Motion To Dismiss For Failure To State A Claim By Defendant Home Depot (Doc. #7), pursuant to Federal Rule of Civil Procedure 12(b)(6). On March 30, 2021, plaintiff filed a motion to amend his claim and attached a partial proposed amended complaint as an exhibit. Motion To Amend Complaint (Doc. #18); Proposed Amended Complaint (Doc. #18-2). On April 7, 2021, defendant filed a Memorandum In Opposition Re: Motion To Amend Complaint (Doc. #20). For the reasons stated below, the Court grants leave to amend the complaint and overrules defendant's motion to dismiss as moot.

**Legal Standard**

Rule 15(a) of the Federal Rules of Civil Procedure provides for the amendment of pleadings and states that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). A court may refuse to grant leave to amend based on factors such as "futility of the amendment, a showing of undue delay, undue prejudice to the non-moving party, or bad faith of

the moving party." Id.  A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason.  Bauchman for Bauchman v. W. High Sch., 132 F.3d 542, 562 (10th Cir. 1997) (citations omitted).  Accordingly, a district court is justified in denying a motion to amend if the amendment would be futile because it cannot withstand a motion to dismiss or otherwise fails to state a claim.  Lyle v. Commodity Credit Corp., 898 F. Supp. 808, 810 (D. Kan. 1995); see also Little v. Portfolio Recovery Assoc., LLC, 548 F. App'x 514, 515 (10th Cir. 2013).  To avoid dismissal, the complaint must present "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Factual And Procedural Background

Plaintiff's original complaint alleges the following:

On July 13, 2017, Home Depot hired Peter Dawson as a General Maintenance Associate. Complaint (Doc. #1) at 7.  In July of 2019, Home Depot reassigned Dawson to the maintenance department.  Id.  He was the only African American employee in that department.  Id.  The work environment turned out to be hostile, as his coworkers (all white) made fun of him.  Id. at 4.

On November 10, 2019, Dawson requested a tool bag that each of his coworkers had.  Id. Supervisor Russel Ames told Dawson that a tool bag had been ordered, but Dawson never received it while he was with the department.  Id. at 4, 7.  Home Depot gave tool bags to similarly situated white employees who began around the same time as Dawson.  Id. at 7.  On December 23, 2019, Dawson requested supplies that he needed to perform the essential functions of his job.  Id.  Home Depot did not order the supplies he requested, but it ordered and distributed supplies to the white employees in the department.  Id.  On January 20, 2020, Dawson again requested certain materials, and Home Depot again did not order those materials.  Id. at 5.  On January 22, 2020, a white

coworker requested the same materials that Dawson had requested two days prior, and Home Depot ordered the materials for the coworker.  Id.  Because Dawson was not supplied with a tool bag or proper tools, he had to search for tools he needed.  Id. at 7.  This slowed down his production time, resulting in him receiving a "needs improvement" evaluation.  Id.  As a result, Home Depot denied Dawson a promotion two times.  Id. at 5.

One time during Dawson's employment, Supervisor Ames followed Dawson for several blocks as Dawson drove with his daughter.  Id. at 4.  Ames stopped following Dawson when Dawson pulled off into a parking lot.  Id.  In the parking lot, Dawson called his daughter's mother to pick her up because he was fearful of Ames.  Id.  Dawson feared for his life because Ames had shown a coworker a picture of an all-black AK-47 a few days prior.  Id.

On February 11, 2020, Dawson talked to HR Manager Michael Kemper about the hostile work environment he had experienced from November 10, 2019 to February 10, 2020.  Id.  When Dawson began stuttering due to his speech impediment, Kemper covered his face.  Id.  Dawson stated that he did not feel comfortable and wanted someone else to speak for him.  Id.  Kemper said that he did not have time for that, and Dawson never received accommodation for his speech impediment.  Id.  When Dawson spoke to his supervisor, the supervisor made Dawson feel as if he could not express himself.  Id. at 8.

Dawson applied for a financial hardship grant through Home Depot.  Id. at 2.  Home Depot let his application sit for 18 days.  Id.  Due to the delay, Dawson was unable to receive needed support, his water and power services were shut off and he was later evicted.  Id.

In March of 2020, Dawson complained to management about not feeling safe in his work environment because the employees in his department did not use proper hygiene.  Id. at 8.  Management told Dawson that if he did not continue to work in his department, he would be

discharged.  Id.  He ultimately complained to corporate human resources and was allowed to change his department without being discharged.  Id.  Dawson no longer works for Home Depot. Id. at 4.

On September 22, 2020, Dawson filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Kansas State Commission on Human Rights.  Id. at 2, 7–15.  On the EEOC charge form, he checked the boxes for discrimination based on race, color, national origin and disability.  Id. at 7, 12.  Based upon its investigation, the EEOC did not find violations of the statutes.  Id. at 9.  It subsequently gave Dawson a notice of right to sue.  Id.

On December 17, 2020, Dawson filed a complaint alleging discrimination based on race or color, national origin, disability and age.  Id. at 3.  The complaint included the court's form for pro se litigants.  Id. at 1–5.  On January 26, 2021, Home Depot filed a motion to dismiss the complaint in its entirety.  Motion To Dismiss For Failure To State A Claim By Defendant Home Depot (Doc. #7).  In response, on March 30, 2021, plaintiff filed a motion to amend his claim and attached as an exhibit a partial proposed amended complaint.  Motion To Amend Complaint (Doc. #18); Proposed Amended Complaint (Doc. #18-2).  On April 7, 2021, defendant filed a Memorandum In Opposition Re: Motion To Amend Complaint (Doc. #20) asking the Court to deny plaintiff's motion and grant its pending motion to dismiss.

## Analysis

In plaintiff's original complaint, Dawson alleges that Home Depot (1) retaliated under Title VII, 20 U.S.C. §§ 2000e et seq.; (2) discriminated based on race or color, national origin and age under Title VII; and (3) discriminated under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq.  See Complaint (Doc. #1).  Defendant moved to dismiss plaintiff's

complaint based on two main deficiencies: (1) plaintiff failed to exhaust administrative remedies for his claims of retaliation, failure to accommodate and age discrimination and (2) plaintiff generally failed to state a claim because he did not check the appropriate boxes in the court's form for pro se litigants under Section 9 (bases of discrimination) and Section 8 (complained-of conduct). See generally Memorandum In Support Of Motion To Dismiss For Failure To State A Claim By Defendant Home Depot (Doc. #8).

In response, plaintiff filed a motion to amend his complaint and attached as an exhibit a revised court form for pro se litigants. Motion To Amend Complaint (Doc. #18); Proposed Amended Complaint (Doc. #18-2). In his motion to amend, plaintiff clarified that Home Depot treated him as inferior due to his race and disability; "made false accusations" against him; refused to provide him with the appropriate tool bag and supplies to do his job; "failed to give [him] any type of accommodation" for his speech impediment; gave him a poor review due to his disability; and delayed his application for assistance "due to retaliation," which left him homeless. Motion To Amend Complaint (Doc. #18) at 2–3. He also attached a revised court form for pro se litigants that responded to defendant's concerns. Proposed Amended Complaint (Doc. #18-2). In Section 9 (bases of discrimination) of the revised court form, plaintiff unselected the boxes for "national origin" and "age."[1] Id. at 3. In Section 8 (complained-of conduct), plaintiff checked the following additional boxes: "termination of [his] employment," "failure to accommodate [his] disability" and "terms and conditions of [his] employment differ from those of similar employee." Id. Under

---

[1] Because of statements in his motion to amend, the Court assumes that plaintiff does not intend to raise a gender discrimination claim in his proposed amended complaint. See Motion To Amend Complaint (Doc. #18) at 2–3 (Home Depot's discriminatory actions due to plaintiff's "race, disability or in retaliation of [him] asserting [his] right under the Civil Rights Laws"). The Court therefore need not address defendant's arguments regarding whether an age discrimination claim would be barred by failure to exhaust.

"other conduct," he also added the following statement: "I was subject to a hostile work [environment] and retaliated against/Constructive discharge."[2]  Id.

Defendant opposed plaintiff's motion to amend as futile for substantially the same reasons stated in its motion to dismiss: (1) plaintiff failed to exhaust his administrative remedies for retaliation, failure to accommodate and constructive discharge and (2) plaintiff's proposed amended complaint fails to show how his alleged disability substantially limits any major life activities or allege a plausible claim for hostile work environment based on race or disability. Memorandum In Opposition Re: Motion To Amend Complaint (Doc. #20) at 2–5.

The Court considers each argument in turn.

**I.   Failure To Exhaust**

Title VII and the ADA require plaintiff to exhaust administrative remedies prior to filing suit.  See Jones v. U.P.S., Inc., 502 F.3d 1176, 1183 (10th Cir. 2007).  The court may "liberally construe" allegations in the EEOC charge, but the charge must contain facts underlying the discrimination claims.  Smith v. Cheyenne Ret. Invs. L.P., 904 F.3d 1159, 1164 (10th Cir. 2018) (citing Jones, 502 F.3d at 1186).  Plaintiff's failure to mark the boxes on the EEOC charge form for types of discrimination creates a presumption that he was not asserting claims represented by unchecked boxes, but this is not dispositive.  Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1260 (10th Cir. 1998).  The exhaustion rule serves to "give the EEOC an opportunity to conciliate the claim, which effectuates Title VII's goal of securing voluntary compliance." Id. (internal citations omitted).  Nonetheless, plaintiff's failure to file an EEOC charge regarding a discrete employment incident "merely permits the employer to raise an affirmative defense of failure to

---

[2]  The Court also assumes that when plaintiff files his complete amended complaint, he will include his handwritten text from his original complaint in addition to the revised court form for pro se litigants.

exhaust but does not bar a federal court from assuming jurisdiction over a claim." Lincoln v. BNSF Railway Co., 900 F.3d 1166, 1185 (10th Cir. 2018).

Defendant argues that plaintiff failed to exhaust administrative remedies with regard to retaliation, failure to accommodate and constructive discharge because he did not mention them and/or mark the boxes for them on his EEOC charge form. Memorandum In Opposition Re: Motion To Amend Complaint (Doc. #20) at 2–4.

The Court disagrees and finds that plaintiff sufficiently raised these issues in his EEOC charge form. In the EEOC form, plaintiff wrote that (1) he approached his supervisor and requested the tool bag and supplies needed for his job; (2) Home Depot gave his white co-workers, but not plaintiff, the appropriate tool bag and supplies; and (3) when plaintiff continued to complain, management responded by saying that he would be fired if he did not continue working in his department. Complaint (Doc. #1) at 12–13. Further, plaintiff checked the EEOC form's box for "discrimination based on disability" and asserted in the written portion of the form that his supervisor was aware of his disability, treated him differently due to his disability and did not accommodate his disability to improve communication.[3] Id.

Accordingly, plaintiff's proposed amended complaint would not be futile on the ground of failure to exhaust.

## II. Failure To State A Claim

In determining whether a complaint states a plausible claim for relief, the Court assumes as true all well-pleaded factual allegations. Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S.

---

[3] Because the Court finds that plaintiff exhausted his claim of constructive discharge, we need not address defendant's arguments regarding whether plaintiff's proposed amended complaint sets forth an actionable adverse employment action. Memorandum In Opposition Re: Motion To Amend Complaint (Doc. #20) at 4.

662, 679 (2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible—not merely conceivable—on its face.  Iqbal, 556 U.S. at 679–80; Twombly, 550 U.S. at 555.  The Court draws on its judicial experience and common sense and need not accept as true those allegations which state only legal conclusions.  Iqbal, 556 U.S. at 679.  The 12(b)(6) standard does not require plaintiff to establish a prima facie case in his complaint, but the elements of the alleged cause of action may help determine if plaintiff has set forth a plausible claim.  Khalik v. United Air Lines, 671 F.3d 1188, 1192 (10th Cir. 2012).

As to discrimination based on disability, a prima facie case for discrimination under the ADA requires that (1) the employee is a disabled person as defined by the ADA; (2) the employee is qualified, with or without reasonable accommodation, to perform the essential functions of the job; and (3) the employee suffered discrimination from an employer because of that disability.  EEOC v. Picture People, Inc., 684 F.3d 981, 985 (10th Cir. 2012).  An individual is disabled if he has a "physical or mental impairment that substantially limits one or more of the major life activities of such individual."  42 U.S.C. § 12102(1).  The EEOC provides that a physical impairment is any physiological disorder or condition "affecting one or more body systems, such as neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genitourinary, immune, circulatory, hemic, lymphatic, skin, and endocrine."  29 C.F.R. § 1630.2(h)(1).  Major life activities include "communicating, interacting with others, and working."  29 C.F.R. § 1630.2(i)(1).  The EEOC instructs that the term "major" shall not be interpreted strictly or create a demanding standard.  29 C.F.R. § 1630.2(i)(2).

As to harassment due to race or disability, plaintiff must show that (1) he is a member of a protected group; (2) he was subject to unwelcome harassment; (3) the harassment was based on race and/or disability; and (4) due to the harassment's severity or pervasiveness, the harassment

8

altered a term, condition or privilege of plaintiff's employment and created an abusive working environment.  Payan v. United Parcel Serv., 905 F.3d 1162, 1170 (10th Cir. 2018); see also Bloomer v. United Parcel Serv., Inc., 94 Fed. App'x 820, 825 (10th Cir. 2004) (citing Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998)).

Defendant argues that plaintiff's proposed amended complaint is futile because he fails to state a claim for the following reasons: (1) he does not show how his alleged disability substantially limits any major life activities and (2) he does not allege a plausible claim for hostile work environment based on race or disability.  Memorandum In Opposition Re: Motion To Amend Complaint (Doc. #20) at 4–5.

The Court disagrees.  In the context of stating a plausible claim for relief, plaintiff must put defendant on notice of his claims, not plead all of his evidence.  See Fed. R. Civ. P. 8(a); see also Leatherman v. Tarrant Cty. Narcotics Intel. & Coordination Unit, 507 U.S. 163, 168 (1993) (requiring complaint include only "a short and plain statement of the claim showing that the pleader is entitled to relief").  Assuming as true plaintiff's well-pleaded factual allegations, plaintiff alleges that (1) he suffers from a stutter; (2) he could perform his job but needed accommodations to better communicate with management, who knew about his disability; and (3) Home Depot did not provide accommodations and treated plaintiff differently due to his disability.  Complaint (Doc. #1) at 4; Motion To Amend Complaint (Doc. #18) at 2–3; Proposed Amended Complaint (Doc. #18-2) at 4.  Plaintiff further alleges that (1) he is African American and has a disability; (2) Home Depot management treated him differently due to his race and disability, including making "racially motivate[d] jokes with a black fist" and refusing to provide him with the necessary tools and resources that it provided to white coworkers; and (3) Home Depot gave him poor reviews "as a means to get [him] to quit and harass [him]."  Proposed

Amended Complaint (Doc. #18-2) at 3–4.  The Court determines that plaintiff's proposed amended complaint is not futile and cures the defects that defendant identified in its pending motion to dismiss.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Amend Complaint (Doc. #18) filed March 30, 2021 is **GRANTED**.  Plaintiff is directed to refile his full amended complaint to the Clerk of Court by **September 7, 2021**.

**IT IS FURTHER ORDERED** that defendant's Motion To Dismiss For Failure To State A Claim By Defendant Home Depot (Doc. #7) filed January 26, 2021 is **OVERRULED as moot**.

Dated this 26th day of August, 2021 at Kansas City, Kansas.

                                                s/ Kathryn H. Vratil
                                                KATHRYN H. VRATIL
                                                United States District Judge