IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PETER JAMES DAWSON,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

    Defendant.

Case No. 20-4085-KHV-ADM

## MEMORANDUM AND ORDER

This matter comes before the court on pro se plaintiff Peter James Dawson's Motion for Appointment of Counsel. (ECF 45.) For the reasons discussed in further detail below, the motion is denied without prejudice.

**I.    BACKGROUND**

Mr. Dawson filed a complaint against his former employer Home Depot on December 17, 2020, contending that he was discriminated against and harassed during his employment based on his race or color, national origin, and disability or perceived disability, all in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). (ECF 1.) Defendant filed a motion to dismiss Mr. Dawson's complaint in its entirety for failure to state a claim on January 26, 2021. (ECF 7.) Mr. Dawson subsequently filed four motions seeking appointment of counsel, most recently in June 2021. (ECF 10, 16, 22, 24.) The court denied each one for the reasons discussed in detail in its Memorandum and Order dated March 4, 2021. (*See* ECF 14, 17, 23, 25.) The court's instructed Mr. Dawson that he could renew his motion at a later procedural juncture, should his claims survive the motion to dismiss.

On August 26, 2021, the district judge granted Mr. Dawson leave to amend his complaint and denied the pending motion to dismiss as moot. (ECF 26.) Mr. Dawson's amended complaint again asserted Title VII and ADA claims, and also included a retaliation claim. (ECF 27.) Because Mr. Dawson had not exhausted administrative remedies as to any retaliation claim, defendant filed a motion to dismiss it (ECF 31), which the court granted (ECF 34). However, Mr. Dawson's discrimination claims remain in the case, and the parties have been conducting discovery since approximately November 2021. (*See* ECF 37 (Scheduling Order setting forth case management deadlines, including a discovery completion deadline of April 13, 2022).) Mr. Dawson has now renewed his request for appointment of counsel.

## II.   DISCUSSION

"There is no constitutional right to appointed counsel in a civil case." *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (per curiam). However, pursuant to Title VII and the ADA, the court may appoint an attorney for a plaintiff "in such circumstances as the court may deem just."[1] 42 U.S.C. § 2000e–5(f)(1); *see* 42 U.S.C. § 12117(a) (applying Title VII's § 2000e–5 to ADA cases). Title VII and the ADA do not confer a statutory right to counsel. *See Nelson v. Boeing Co.*, 446 F.3d 1118, 1120-22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases" and declining to recognize such a right in the Title VII context). The court is also mindful that § 2000e–5 does not provide a method for compensating an attorney who takes on the case. The pool of volunteer attorneys is limited, and "[t]houghtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make

---

[1] A court may also appoint counsel for litigants proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(e)(1). Mr. Dawson did not seek leave to proceed in forma pauperis in this case.

coercive appointments." *Castner v. Colo. Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992). Indiscriminately appointing "volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time." *Id.*

In considering whether to appoint counsel pursuant to § 2000e–5, the court examines the following factors: (1) the plaintiff's "financial inability to pay for counsel"; (2) the plaintiff's "diligence in attempting to secure counsel"; (3) the merits of the plaintiff's claims; and (4) the plaintiff's ability to present the case without counsel. *Id.* at 1421-22. The court's discretion to appoint counsel under § 2000e-5 is "extremely broad." *Id.* at 1420.

The first factor—whether Mr. Dawson has the financial ability to secure counsel—is neutral. The primary inquiry here is whether a plaintiff has the "ability to hire counsel and still meet his or her daily expenses." *Id.* at 1422. Mr. Dawson did not include an Affidavit of Financial Status with the current motion, but he previously provided affidavits and supporting information to the court suggesting that he would be unable to meet daily expenses if he were to hire an attorney on a non-contingency fee basis. Title VII and the ADA, however, both contain fee-shifting provisions, *see Roe v. Cheyenne Mountain Conf. Resort, Inc.*, 124 F.3d 1221, 1232 (10th Cir. 1997), and attorneys in employment cases "often agree to represent a party for a fee contingent only upon the success of the claim." *Rand v. Wolf Creek Nuclear Operating Corp.*, No. 11-4136-KHV-GLR, 2012 WL 1154509, at *4 (D. Kan. Apr. 5, 2012). If Mr. Dawson were to secure representation on a contingency-fee basis, he would likely still be able to meet daily expenses. The court thus finds this factor is neutral. *Christmon v. B&B Airparts, Inc.*, No. 16-2341-CM-GLR, 2017 WL 1240490, at *1 n.11 (D. Kan. Jan. 6, 2017) (stating that "[t]his factor . . . is offset by the ability of plaintiffs to hire counsel on a contingent-fee basis in some cases").

The second factor does not weigh in favor of appointing counsel.  Before a court grants a request to appoint an attorney, a party must demonstrate a "reasonably diligent effort under the circumstances to obtain counsel."  *Castner*, 979 F.2d at 1422.  Typically, a plaintiff must meet with and discuss his case with at least five attorneys.  *Jones v. Maritz Rsch. Co.*, No. 14-2467-SAC-GLR, 2014 WL 6632929, at *2 (D. Kan. Nov. 21, 2014).  According to Mr. Dawson's motion, he contacted six attorneys, but he did so in 2020.[2]  (ECF 45, at 2-3.)  At that time, three declined to take his case for reasons that appear to be related to their respective workloads, one attorney never called back, and one informed Mr. Dawson that the firm did not handle this type of case.  As to the final attorney, Mr. Dawson does not state what response he received.  In the court's Memorandum and Order dated March 4, 2021, the court found that Mr. Dawson contacting six attorneys constituted diligent efforts to secure counsel.  (ECF 14, at 2-3.)  But the court cannot reach the same conclusion now because it does not appear that Mr. Dawson has made any recent efforts to secure counsel.  It is now 2022, and the attorneys who previously declined to represent Mr. Dawson for workload reasons may now have the capacity to represent him.  Because Mr. Dawson has not made any more recent attempts to obtain counsel, he has not shown a diligent effort at this juncture.  This factor does not weigh in favor of appointing counsel.

The third factor also weighs against appointing counsel.  Before a court appoints counsel, a party must affirmatively show that he asserts meritorious claims.  *See Castner*, 979 F.2d at 1421.  In an employment case, an administrative finding in the plaintiff's favor is "highly probative" when determining merit.  *Rand*, 2012 WL 1154509, at *4.  Here, Mr. Dawson's motion makes no specific argument as to the merits of his claims, so the court looks to his amended complaint.  The

---

[2] The attorneys listed in the current motion are the same individuals Mr. Dawson identified in his prior motions for appointment of counsel.  (*See, e.g.*, ECF 22, at 2-3; ECF 24, at 2-3.)

attachments to the amended complaint do not show that Mr. Dawson received an administrative finding in his favor, and the court cannot otherwise conclude from reviewing his complaint that his claims have sufficient merit to warrant appointment of counsel.  Further, although Mr. Dawson's claims are no longer subject to a motion to dismiss, the district judge did not deny defendant's first dispositive motion on the merits, but rather denied it as moot after granting Mr. Dawson leave to amend.  This factor does not weigh in favor of appointing counsel.

The final factor—Mr. Dawson's ability to present his claims without counsel—also does not weigh in favor of appointment.  In analyzing this factor, a court "look[s] to the complexity of the legal issues and plaintiff's ability to gather and present crucial facts."  *Castner*, 979 F.2d at 1422.  The factual and legal issues in this case do not appear to be complex.  And although Mr. Dawson states that he has a disability that makes it "hard for [him] to explain things" due to a speech impediment (ECF 45, at 3), Mr. Dawson has already demonstrated that he was able to investigate and present his claims at the administrative stage.  Further, Mr. Dawson has successfully obtained leave to amend his complaint, filed multiple other motions, appeared at the scheduling conference, and otherwise appears to have the capability to prosecute his claims.  Mr. Dawson has not shown any reason why he cannot continue to investigate his claims and present them to the court.

After weighing these factors, the court concludes that Mr. Dawson has not shown that appointment of counsel is warranted under Title VII or the ADA at this time.

### III. CONCLUSION

The court declines to appoint counsel for Mr. Dawson pursuant to § 2000e–5 at this time.  The court recognizes, however, that its analysis of the factors relevant to the appointment of counsel may change as the case progresses further.  "[A] court may well appoint counsel at the

5

outset of a case, [but] it might also decide to postpone the decision—for example, until after resolution of dispositive motions—in order to give itself both more time and more information to evaluate the plaintiff's capabilities and the merits of the case." *Jackson v. Park Place Condos. Ass'n, Inc.*, No. 13-2626-CM-GLR, 2014 WL 494789, at *3 (D. Kan. Feb. 6, 2014).  Mr. Dawson may therefore renew his motion should his claims survive a summary judgment motion.  If Mr. Dawson renews his motion in the future, it should reflect more recent efforts to obtain counsel.

**IT IS THEREFORE ORDERED** that plaintiff Peter James Dawson's Motion for Appointment of Counsel (ECF 45) is denied without prejudice.

**IT IS FURTHER ORDERED** that the clerk's office mail a copy of this to Mr. Dawson via regular mail.

**IT IS SO ORDERED.**

Dated February 28, 2022, at Topeka, Kansas.

s/ Angel D. Mitchell
Angel D. Mitchell
U.S. Magistrate Judge
